1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY R. TURNER,

11            Plaintiff,              No. CIV S-05-1443 GEB PAN P

12        vs.

13   RODERICK Q. HICKMAN, et al.,

14            Defendants.            ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21  complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25         Plaintiff has filed a 46 page amended complaint with 54 pages of exhibits

26  complaining about events that took place at three separate prisons from December 10, 2002

through October 7, 2005.  Plaintiff names at least 45 defendants in the initial pages of his complaint, yet fails to provide charging allegations for each named defendant.  In addition, in the text of his complaint  plaintiff names as defendants other persons who were not specifically identified as defendants in section III of the complaint.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In order to prevail on his Eighth Amendment claim, plaintiff must prove that he had a "serious medical need" and that defendants acted with "deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is serious if "the failure to

treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285). Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 825, 837 (1994). Mere negligence is insufficient for Eighth Amendment liability. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted). Mere differences of opinion between a prisoner and prison medical staff as to appropriate medical care also do not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7; LeMaire v. Maass, 12 F3d 1444, 1454 (9th Cir. 1993).

It is not necessary that a prisoner have suffered significant injury in order to prevail on an Eighth Amendment claim for use of excessive force. Hudson, 503 U.S. at 9. However, the scope of the Eighth Amendment is not without limitation: The Eighth Amendment

necessarily excludes from constitutional recognition de minimis uses of force, provided that the use force is not of a sort repugnant to the conscience of mankind.  Id. at 9-10.  Although a prisoner may believe that his rights were violated, "not every push or shove . . . violates [his] constitutional rights."  Id. at 9 (citation omitted).  The Ninth Circuit has held that allegations of injury without medical records or other evidence of injury are insufficient to establish excessive force claim under the Fourth Amendment.  Arpin v Santa Clara Valley Transp. Agency, 261 F3d 912, 922 (9th Cir.2001).  Such a de minimis injury strongly suggests a de minimis use of force, not actionable under the Eighth Amendment.  See, e.g., Warren v. Westchester County Jail, 106 F.Supp.2d 559, 569 (S.D. N.Y. 2000) (applying Hudson, 503 U.S. at 9-10).

An allegation of mere threats alone also fails to state a claim of cruel and unusual punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment).  These allegations do not raise a cognizable claim for violation of the Eighth Amendment and should not be included, without more, in any second amended complaint.

A prisoner has no protected liberty interest in remaining in a particular prison or facility within a prison, even though a transfer entails the imposition of more disagreeable conditions of confinement.  Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) (citing Meachum v. Fano, supra, 427 U.S. at 224-25; Olim v. Wakinekona, 461 U.S. 238, 245 (1982)).  Thus, plaintiff's allegations concerning transfers should not be included in any second amended complaint.

In order to state a cognizable claim for interference with his right of court access, plaintiff must allege facts which show that defendant, by his or her actions, prevented him from bringing, or caused him to lose, an actionable challenge either to his conditions of confinement or his criminal conviction.  See Lewis v. Casey, 518 U.S. 343, 351, 356 (1996).  Plaintiff's
/////

allegations are insufficient to state a cognizable claim for interference with his right of access to the courts and should not be included, without more, in a second amended complaint.

Plaintiff included allegations that personal property was thrown away, destroyed or confiscated. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Accordingly, plaintiff's claims concerning personal property must, therefore, be dismissed as frivolous. See 28 U.S.C. § 1915(d). Plaintiff should omit these claims from any second amended complaint.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that

1  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

2  R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant

3  leave to file a second amended complaint.

4            Plaintiff also raises claims of retaliation.  However, plaintiff's allegations of

5  retaliation are too vague and conclusory to state a cognizable claim for relief.  In order to state a

6  retaliation claim, plaintiff must allege facts that show that he engaged in conduct protected by the

7  First Amendment and that retaliation for that conduct was the "substantial" or "motivating" factor

8  behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th

9  Cir. 1989).  Plaintiff must also allege facts which show an absence of legitimate correctional

10  goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.

11  1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

12            While plaintiff has sufficiently alleged that he engaged in protected First

13  Amendment activity, he has failed to allege any facts to support his conclusory assertion that the

14  acts of individual correctional staff were retaliatory.  For this additional reason, the amended

15  complaint fails to state a cognizable claim for relief.  Because plaintiff may be able to cure some

16  or all of the defects in his amended complaint, the court will grant leave to file a second amended

17  complaint.

18            Plaintiff has named several individuals as defendants but has not included any

19  allegations against those individuals.  In a second amended complaint, he should only name as

20  defendants individuals against whom he includes charging allegations in the body of the

21  complaint.

22            Finally, the court notes that many of plaintiff's instant allegations are duplicative

23  of allegations raised in other cases in this court.  See No. Civ. S-05-2622 FCD KJM P,

24  subsequently transferred to the Fresno Division because the alleged violations took place in

25  /////

26  /////

Fresno and Kings Counties.).[1]  In the January 17, 2006 order transferring that case, it was noted that many of plaintiff's allegations in CIV S-05-2622 were the same as those made in <u>Turner v. Woodford</u>, Civ. No. S-05-0695 AWI LJO P, which is pending in the Fresno Division of this court.  It appears plaintiff also attempted to raise many of these allegations in state court, which was subsequently removed to the Fresno Division of this court in Case No. CIV S-06-0332 OWW DLB P.  Plaintiff is cautioned that if he chooses to file a second amended complaint, he should omit any allegation that is currently pending in another action.  Failure to omit such allegations, as well as continued attempts to raise the same allegations in multiple cases may result in the issuance of an order limiting plaintiff's access to the courts as a sanction for his abuse of the judicial process.  A litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he is overusing or abusing court resources in the pursuit of frivolous or nonfrivolous actions.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Tripati v. Beaman</u>, 878 F.2d 351, 352 (10th Cir. 1989).

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

---

        [1] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3.  Plaintiff's amended complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 18, 2006.



UNITED STATES MAGISTRATE JUDGE

/001; turn1443.14